People v Chin (2026 NY Slip Op 50270(U))

[*1]

People v Chin

2026 NY Slip Op 50270(U)

Decided on March 6, 2026

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

againstAlan Chin, Defendant.

CR-034036-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Emily Abrams of counsel), for plaintiff.Twyla Carter, The Legal Aid Society, New York City (Charles Caspari of counsel), for defendant.

Ilona B. Coleman, J.

In an omnibus motion, the defense requests an order suppressing the fruits of allegedly illegal searches and seizures (Mapp v Ohio, 367 US 643 [1961], Dunaway v New York, 442 US 200 [1978], People v Ingle, 36 NY2d 413 [1975]); precluding any unnoticed statements or identification testimony; granting a voluntariness hearing regarding unnoticed statements; directing supplemental discovery procedures; and precluding the People from introducing evidence of prior bad acts at trial. The People oppose.
The motion to suppress is GRANTED to the extent that a combined Inglei>/Mapp/Dunaway hearing will be conducted before trial. The parties' allegations create factual disputes that must be resolved at an evidentiary hearing (see CPL 710.60 [4]).
The motion for preclusion and a voluntariness hearing regarding unnoticed statements is DENIED as the defense has not challenged any such statement (see CPL 710.60 [3]; CPL 710.20). The People are directed to notify the defendant as soon as practicable upon deciding to use any unnoticed statement for impeachment or rebuttal purposes, and the defendant is granted leave to renew their motion to suppress upon receiving such notification (see CPL 710.40 [2], [4]).
The motion for a supplemental discovery order is DENIED. Of course, the People have a continuing duty to disclose and are required as a matter of due process to investigate and turn over all materials favorable to the defense, especially where the defense has made a specific request (CPL 245.60, People v Vilardi, 76 NY2d 67, 77 [1990]). The defendant, however, has not demonstrated that court intervention is necessary to ensure the People's compliance with those obligations.
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. [*2]The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of the court.
Dated: March 6, 2026New York, NYIlona B. Coleman, J.C.C.